IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION


ALBERT EDMOND,                                               PETITIONER

V.                                                       NO. 4:06CV164-M-B

LAWRENCE KELLY, et al.,                          RESPONDENTS


## OPINION

This cause comes before the court on the petition of Albert Edmond for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the Mississippi State Penitentiary, states that he has received Rule Violation Report ("RVR") for unidentified incident[1] and as a result was reclassified and placed in maximum security for 23 hours a day. Petitioner admits that his petitioner filed with the Mississippi State Supreme Court was dismissed for failure to pay the filing fee.

After carefully considering the contents of the *pro se* petition and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[2]; *see also, Rose v.*

---

[1] Petitioner has not identified any specific RVR. He does, however, refer to a petition filed in state court. The attached state court opinion refers to RVRs issued for petitioner's sexually inappropriate conduct.

[2] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

In this case, Petitioner has not properly presented his arguments before the State's highest court. Therefore, he has not exhausted his available state remedies. Consequently, his petition to this court is premature and must be dismissed. Petitioner's motion to proceed *in forma pauperis* is also denied.

A final judgment in accordance with this opinion will be entered.

THIS the 13th day of October, 2006.

                                            **/s/ Michael P. Mills**
                                            **UNITED STATES DISTRICT JUDGE**

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.